# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# WESTERN DIVISION

**MERCHANTS & FARMERS BANK**                                            **PLAINTIFF**

**V.**                                                          **CAUSE NO. 3:09-MC-37-SA**

**EDITH CAROLYN FRYAR, BETTY**
**RISHEL, AND BRIAN RISHELL**                                          **DEFENDANTS**

## ORDER

Before the Court is Defendants' Emergency Motion for Stay [9], pursuant to Federal Rule of Bankruptcy Procedure 8005. For the reasons stated below, the motion is denied.

Rule 8005 provides:

> A motion for a stay of the judgment, order, or decree of a bankruptcy judge, for approval of a supersedeas bond, or for other relief pending appeal must ordinarily be presented to the bankruptcy judge in the first instance . . . A motion for such relief, or for modification or termination of relief granted by a bankruptcy judge, may be made to the district court or the bankruptcy appellate panel, but the motion shall show why the relief, modification, or termination was not obtained from the bankruptcy judge.

FED. R. BANKR. P. 8005. Therefore, a party seeking a stay from this Court pursuant to Rule 8005 must 1) present the motion to the bankruptcy court, and 2) demonstrate in his motion to this Court why the bankruptcy court did not grant a stay. In re Stewart, 2009 U.S. Dist. LEXIS 53441, *6 (E.D. La. June 10, 2009). Defendants have complied with both of these requirements.

"A party seeking a stay pending appeal under Rule 8005 must satisfy the four criteria required for issuance of a preliminary injunction." In re Stewart, 2009 U.S. Dist. LEXIS 53441 at *8 (citing In re Blackwell, 162 B.R. 117, 119 (E.D. Pa. 1993); In re Ba-Mak Gaming Int'l, Inc., 1996 U.S. Dist. LEXIS 10642 (E.D. La. July 22, 1996)); see also In re Charles & Lillian Brown's Hotel, Inc., 93 B.R. 49, 53 (Bankr. S.D.N.Y. 1988). The movant must show:

(1) a substantial likelihood that [movant] will prevail on the merits, (2) a substantial

threat that [movant] will suffer irreparable injury if the [stay] is not granted, (3) that the threatened injury to [movant] outweighs the threatened harm the injunction may do to [non-movant], and (4) that granting the [stay] will not disserve the public interest.

In re Stewart, 2009 U.S. Dist. LEXIS 53441 at *8 (quoting Anderson v. Jackson, 556 F.3d 351, 360 (5th Cir. 2009)); see also Arnold v. Garlock, 278 F.3d 426, 438-42 (5th Cir. 2001); In re Heritage Org., LLC, 375 B.R. 230, 242 (Bankr. N.D. Tex. 2007). "Failure to satisfy one of the four prongs listed above defeats a motion to stay." Smith v. Schmidt, 2007 U.S. Dist. LEXIS 41901, *12 (S.D. Tex. June 8, 2007) (citing In re Texas Equip. Co., Inc., 283 B.R. 222, 227 (Bankr. N.D. Tex. 2002)); see also Arnold, 278 F.3d at 438-39.

> Rule 9027 states:
>
> The notice shall be signed pursuant to Rule 9011 and contain a short and plain statement of the facts which entitle the party filing the notice to remove, contain a statement that upon removal of the claim or cause of action the proceeding is core or non-core and, if non-core, that the party filing the notice does not consent to entry of final orders or judgment by the bankruptcy judge, and be accompanied by a copy of all process and pleadings.

FED. R. BANKR. P. 9027(a)(1). The Fifth Circuit has stated that removal statutes are to be strictly construed, and all doubts are to be resolved in favor of remand. Eastus v. Blue Bell Creameries, L.P., 97 F.3d 100, 106 (5th Cir. 1996); Dodson v. Spillada Maritime Corp., 951 F.2d 40, 42 (5th Cir. 1992).

The Motion to Reopen filed by the Defendants does not contain a statement that upon removal the proceeding would be core or non-core. Further, it was not accompanied by a copy of all process and pleadings. Finally, it is questionable whether a party may remove an action by filing an "informal notice of removal" via a motion requesting that a case be reopened, since the Court must resolve all doubts as to removal in favor of remand. Therefore, the Defendants have not shown

2

a substantial likelihood of success on the merits.

Additionally, the Court notes that Defendants have not shown a substantial threat of irreparable harm should the state court matter proceed. To satisfy their burden, Defendants "must allege specific facts; conclusory allegations of speculative harm will not suffice." In re Stewart, 2009 U.S. Dist. LEXIS 53441 at *14 (citing ITT Educ. Servs., Inc. v. Arce, 533 F.3d 342, 347 (5th Cir. 2008)). Defendants have not alleged specific examples of irreparable harm, and Defendants' fear that the state court will enter a judgment in favor of Plaintiff is inherently speculative.

Moreover, even if a judgment in favor of Plaintiff were entered in the state court proceeding, the result would be the reformation of a deed of trust which would encumber the property at issue. Plaintiffs have not shown that this potential encumbrance would constitute irreparable injury or that it could not be undone by monetary remedies. See Miss. Power & Light Co. v. United Gas Pipe Line Co., 760 F.2d 618, 629 (5th Cir. 1985) (injury is irreparable only if it can not be undone through monetary remedies). Therefore, Defendants have not shown a substantial threat of irreparable harm in the event the state court matter proceeds as scheduled.

For the reasons stated above, the Defendants' Emergency Motion to Stay is **DENIED**. So ordered on this the 1st day of October, 2009.

                                                                /s/ Sharion Aycock
                                                                **U.S. DISTRICT JUDGE**