**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**WESTERN DIVISION**

**MERCHANTS & FARMERS BANK**                                               **PLAINTIFF**

**V.**                                                          **CAUSE NO. 3:09-MC-37-SA**

**EDITH CAROLYN FRYAR, et al.**                                        **DEFENDANTS**

## MEMORANDUM OPINION

Before the Court is an appeal of an order of the United States Bankruptcy Court for the Northern District of Mississippi, remanding this case to the Chancery Court of Tippah County, Mississippi. For the reasons stated below, the Bankruptcy Court's decision is affirmed.

Appellants Betty and Brian Rishel received a bankruptcy discharge on June 11, 2008, and their voluntary bankruptcy action was closed on June 25, 2008. Thereafter, Appellee Merchants & Farmers Bank joined the Rishels as defendants to a state court case in which the bank sought the reformation of a deed of trust on a piece of real property belonging to the Rishels. The Rishels were served with process on September 9, 2008.

On October 9, 2008, Appellants filed a Motion to Reopen with the Bankruptcy Court. They alleged that Appellee's actions in the state court matter constituted a violation of the Bankruptcy Court's post-discharge injunction. Appellants averred that their case "should be reopened to permit [them] to remove the state court action to the bankruptcy court," and requested that the Court "reopen the Debtor's bankruptcy and authorize the removal of the state court action." On October 15, 2008, the Bankruptcy Court reopened the bankruptcy case. On November 14, 2008, Appellants filed a notice of removal.

On December 9, 2008, Appellee filed a Motion to Remand. On March 9, 2009, the Bankruptcy Court granted the motion and remanded the case to the Chancery Court of Tippah

County, Mississippi - the decision which Appellants now challenge.

As a threshold matter, the Court notes that Appellants filed their brief within fourteen days of the entry of the appeal on the Court's docket, as required to do by Rule 8009. FED. R. BANKR. P. 8009(a)(1). However, Appellee did not file a response brief within fourteen days of the Appellants' brief. See Fed. R. Bankr. P. 8009(a)(2). Rather, Appellee filed a motion for leave to file an untimely response on February 5, 2010, which the Court granted. Appellee filed its response brief on March 5, 2010, and Appellants did not file a reply brief within fourteen days. See FED. R. BANKR. P. 8009(a)(3). Therefore, the appeal is now ripe for review.

"In a bankruptcy appeal, the applicable standard of review by a district court is the same as when the Court of Appeals reviews a district court proceeding. Findings of fact by the bankruptcy courts are to be reviewed under the clearly erroneous standard and conclusions of law are reviewed de novo." In re Chesnut, 422 F.3d 298, 301 (5th Cir. 2005); In re Evert, 342 F.3d 358, 363 (5th Cir. 2003) (citing Matter of Midland Indus. Serv. Corp., 35 F.3d 164, 165 (5th Cir. 1994)); In re Pequeno, 126 Fed. Appx. 158, 162 (5th Cir. 2005).

The Bankruptcy Court granted Appellee's Motion to Remand, based on Appellants failure to file a notice of removal within the time allowed by the Rules of Bankruptcy Procedure, which provide:

> (1) *Where filed; form and content.* A notice of removal shall be filed with the clerk for the district and division within which is located the state or federal court where the civil action is pending. The notice shall be signed pursuant to Rule 9011 and contain a short and plain statement of the facts which entitle the party filing the notice to remove, contain a statement that upon removal of the claim or cause of action the proceeding is core or non-core and, if non-core, that the party filing the notice does not consent to entry of final orders or judgment by the bankruptcy judge, and be accompanied by a copy of all process and pleadings.
> . . .
> (3) *Time for filing; civil action initiated after commencement of the case under the*

> *Code*. If a claim or cause of action is asserted in another court after the commencement of a case under the Code, a notice of removal may be filed with the clerk only within the shorter of (A) 30 days after receipt, through service or otherwise, of a copy of the initial pleading setting forth the claim or cause of action sought to be removed, or (B) 30 days after receipt of the summons if the initial pleading has been filed with the court but not served with the summons.

FED. R. BANKR. P. 9027(a)(1), (3). The Court must strictly construe removal statutes and resolve all doubts in favor of remand. Eastus v. Blue Bell Creameries, L.P., 97 F.3d 100, 106 (5th Cir. 1996); Dodson v. Spillada Maritime Corp., 951 F.2d 40, 42 (5th Cir. 1992).

Appellants were served with process in the state court on September 9, 2008. They filed a notice of removal on November 14, 2008, more than thirty days after they were served with process. Appellants argue that their Motion to Reopen - filed on October 9, 2008 - should have been construed as a notice of removal. Appellants cite no authority in favor of this position, and, indeed, the Court was unable to find any authority on the subject. However, it is axiomatic that the Court must resolve all doubts in favor of remand. Eastus, 97 F.3d at 106; Dodson, 951 F.2d at 42. Accordingly, the Court affirms the decision of the Bankruptcy Court.

The Court notes that Appellants' Motion to Reopen contains two mentions of removal, both of which are quoted above. The first of these is, at best, an expression of the intention to file a notice of removal at some point in the future. The second reference - a request that the Court reopen the bankruptcy case and "authorize removal" - may be construed as notice of removal. However, it is insufficient to overcome the uncertainty caused by the first sentence, insofar as the Court must resolve all doubts in favor of remand. Eastus, 97 F.3d at 106; Dodson, 951 F.2d at 42.

Appellants also argue that Appellees' Motion to Remand was not timely filed. However, that argument is of no avail, insofar as it is premised upon the assumption that their Motion to Reopen constituted a proper notice of removal. Appellants further argue that remand is improper because

3

the state court will not have jurisdiction over the case. However, the issue of whether the state court has jurisdiction over the case has no relation to Appellants' compliance with the procedures governing removal to this Court.

Therefore, For the reasons stated above, the Court affirms the Bankruptcy Court's March 9, 2009, decision. An order consistent with this opinion shall be entered on this, the 13th day of April, 2010.

                                                   **/s/ Sharion Aycock**
                                                   **U.S. DISTRICT JUDGE**